IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00158-PAB-BNB

PAMELA D. NODLAND, and
CHRISTIAN S. NODLAND,

     Plaintiffs,

v.

ROSEMARY M. MURPHY, as Public Trustee of Montrose County, Colorado,
WELLS FARGO HOME MORTGAGE, INC., a California Corporation,
THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO J.P. MORGAN CHASE BANK N.A. AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE BACKED SECURITIES TRUST 2003-29, a Delaware corporation,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation,
CACH, LLC, a Colorado limited liability company,
CAPITAL ONE BANK, a national banking institution, and
INTERNAL REVENUE SERVICE OF THE UNITED STATES OF AMERICA,

     Defendants.

---

# ORDER

---

This matter is before the Court on plaintiffs' motion to remand [Docket No. 31]. The motion is fully briefed and ripe for disposition.

Plaintiffs initiated this action in state court on December 17, 2010, asserting four Colorado state law claims arising out of the alleged wrongful foreclosure sale of their home.  *See* Docket No. 2.  Defendants Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), Bank of New York Mellon, formerly known as Bank of New York ("BNY"), and Mortgage Electronic Registration Systems, Inc. ("MERS") removed the case to this Court on January 21, 2011.  *See* Docket No. 1.  As the basis for this Court's subject

matter jurisdiction, defendants invoked 28 U.S.C. § 1332(a)(1), which provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

In their motion to remand, plaintiffs, who are citizens of Colorado, argue that there is no diversity jurisdiction over this case because defendants Cach, LLC ("Cach") and Rosemary Murphy (the "Public Trustee") are also Colorado citizens.  Defendants contend that Cach and the Public Trustee are merely "nominal" parties and, therefore, are not considered for purposes of assessing whether diversity jurisdiction exists.  If a party has "no real interest in the controversy," *Hann v. City of Clinton, Okl. ex rel Schuetter*, 131 F.2d 978, 981 (10th Cir. 1942), the Court "must disregard" them and "rest jurisdiction only upon the citizenship of real parties to the controversy."  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

In order to determine whether Cach and the Public Trustee are real parties to the controversy, the Court must identify which claims may affect them.  Plaintiffs' fourth claim for relief requests a "Rule 105 Adjudication."  *See* Docket No. 3 at 12-13; Colo. R. Civ. P. 105.  Rule 105(a) of the Colorado Rules of Civil Procedure provides that

> [a]n action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties. The court may at any time after the entry of the decree make such additional orders as may be required in aid of such decree.

"[I]t is clear from the language of the rule that a [Rule] 105 proceeding should completely adjudicate the rights of all parties to the action claiming interests in the

property." *Keith v. Kinney*, 961 P.2d 516, 519 (Colo. App. 1997); *see Argus Real Estate, Inc. v. E-470 Public Highway Authority*, 109 P.3d 604, 612 (Colo. 2005). In their amended complaint, plaintiffs allege, and defendants have not disputed, that Cach "may claim some interest in the subject property as a result of a Transcript of Judgment recorded on August 26, 2010 . . . in the real property records of the Montrose County Clerk and Recorder." Docket No. 3 at 2, ¶ 8.

Defendants, as the parties "invoking federal jurisdiction[,] bear[] the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Despite the fact that Cach's interest is apparently recorded in the real property records of Montrose County, defendants do not assert that, due to the nature of that interest, Cach's rights would be unaffected by a Rule 105 adjudication. *See* Defs' Response to Mot. to Remand [Docket No. 41] at 12 (citing *Sones v. Simmons*, 2006 WL 2805325, at *1 (S.D. Miss. Sep. 25, 2006) (defining "nominal parties" as those with no "material claim or interest in the subject matter of the controversy or those who will [not] be directly affected by an adjudication of the controversy")). Nor have defendants explained what effect, if any, Cach's failure to respond in this action may have on the analysis. Instead, defendants contend that Cach may be disregarded because plaintiffs have not sought relief from Cach or brought any claims against it specifically. *See* Docket No. 41 at 12. However, plaintiffs' Rule 105 claim seeks to fully adjudicate the rights of all parties with an interest in the property at issue. Defendants have not disputed that Cach is one of those parties and, therefore, have failed to provide a sufficient basis upon which the Court may disregard

Cach's citizenship for purposes of 28 U.S.C. § 1332(a)(1).  Because Cach appears to be a real party in interest destroying diversity,[1] the Court need not address the other arguments plaintiffs present in their motion.

For the foregoing reasons, it is

**ORDERED** that, due to this Court's lack of subject matter jurisdiction, this case is REMANDED to the District Court of Montrose County, Colorado, where it was originally filed as Case No. 2010CV552.

DATED June 30, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] *See Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296, 1298 (D. Colo. 2009) ("'[T]here is a presumption against removal jurisdiction,' so that all doubts are resolved in favor of remand.") (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)).